**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE C. BAUMGARTEN, | No. C 05-05221 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS AND VACATING HEARING** |
| CALIFORNIA BOARD OF EQUALIZATION; CALIFORNIA STATE EMPLOYEES ASSOCIATION SEIU LOCAL 1000, | |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

In this employment-discrimination action, union defendant California State Employees Association SEIU Local 1000 ("SEIU") moves to dismiss the third amended complaint of *pro se* plaintiff Grace C. Baumgarten. SEIU brings this motion on the grounds that this Court lacks jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, that the complaint fails to state a claim against SEIU pursuant to Federal Rule of Civil Procedure 12(b)(6). This order finds that there is jurisdiction under Title VII of the Civil Rights Act of 1964 and that plaintiff has stated a viable claim. SEIU's motion is, therefore, **DENIED**.

**STATEMENT**

Ms. Baumgarten was employed by defendant California Board of Equalization. According to Ms. Baumgarten, the Board denied her request for an educational leave of absence. Plaintiff alleged that this denial was on account of her ethnicity. Ms. Baumgarten is Filipino.

**United States District Court**

For the Northern District of California

1    Subsequently, plaintiff filed a series of administrative complaints with various agencies

2    including the Equal Employment Opportunity Commission regarding the Board's denial of her

3    promotional opportunities.  In April 2005, the Board terminated Ms. Baumgarten's employment,

4    allegedly in retaliation for her complaints.

5         In her third amended complaint, Ms. Baumgarten added allegations for the first time

6    against union defendant SEIU.  SEIU is a recognized employee organization, as defined by the

7    Ralph C. Dills Act, California Government Code §§ 3512, *et seq.*  SEIU is the exclusive

8    representative of the employees of the Board and Ms. Baumgarten was a mandatory member of

9    the union.  According to Ms. Baumgarten, SEIU failed to protect her from the Board's illegal

10   activities and failed to satisfy its duty to represent her in her claims about the Board's purported

11   discriminatory conduct.  Ms. Baumgarten alleged that the SEIU's failure was arbitrary, in bad

12   faith and on account of her ethnicity.

13        Ms. Baumgarten filed her first complaint in this action on December 16, 2005.  After

14   two amendments, she filed her third amended complaint on April 20, 2006.  Ms. Baumgarten's

15   claims are purportedly based on Title VII, 42 U.S.C. 2000e-5.  There is no contention that this

16   Court lacks jurisdiction to adjudicate Ms. Baumgarten's claims against the Board.  The Board

17   has submitted an answer and has not joined SEIU's instant motion to dismiss.  SEIU, however,

18   contests whether Section 2000e-5 provides a basis for jurisdiction as to Ms. Baumgarten's

19   claims against it.[1]

20                                    **ANALYSIS**

21        SEIU points to purported jurisdictional defects in Ms. Baumgarten's complaint.  As a

22   threshold matter for SEIU's jurisdictional arguments, SEIU contends that plaintiff has no federal

23   claim against the union under Title VII because plaintiff failed to exhaust her administrative

24   remedies.  If true, SEIU argues that Ms. Baumgarten would be left with a state-law claim

25   against the union.  SEIU argues that the Court should not exercise supplemental jurisdiction

26

27   [1] SEIU seeks to strike Ms. Baumgarten's opposition to the instant motion on the grounds that it was
     served late.  While this order instructs Ms. Baumgarten to be more diligent in the future in providing copies of
     her filings both to the Court *and* to defendants, the Court recognizes that latitude must be given to Ms.
28   Baumgarten as a *pro se* litigant.  Moreover, Ms. Baumgarten's two-page opposition likely did not impose such
     an undue burden on SEIU to justify striking her opposition.

**United States District Court**

For the Northern District of California

1    over this state-law claim.  SEIU also argues that the Court cannot exercise supplemental

2    jurisdiction because under the Dills Act, PERB has exclusive jurisdiction to consider state-law

3    claims against covered unions for failure to represent.  In the alternative, SEIU contends that

4    plaintiff has failed to state a claim under FRCP 12(b)(6).

5         **1.    JURISDICTION.**

6         Pursuant to Federal Rule of Civil Procedure 12(h)(3), a court shall dismiss the action if it

7    lacks subject-matter jurisdiction over the case.  To avoid dismissal, plaintiff must "show that the

8    facts alleged, if proved, would confer standing upon him." *Warren v. Fox Family Worldwide,*

9    *Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).  A court "must accept as true all material allegations

10   of the complaint, and must construe the complaint in favor of the complaining party." *Warth v.*

11   *Seldin*, 422 U.S. 490, 501 (1975).  While materials outside the complaint are generally not

12   considered, a court may take judicial notice of "matters of public record." *Lee v. City of Los*

13   *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted).

14        Before bringing a lawsuit under Title VII, a person claiming to be aggrieved must file a

15   timely charge with the EEOC and receive a right-to-sue notice.  42 U.S.C. 2000e-5(f)(1).  A

16   lawsuit filed before a right-to-sue letter is received is subject to dismissal. *Karim-Panahi v. Los*

17   *Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  The Ninth Circuit has held, however,

18   that a *pro se* plaintiff must be afforded an opportunity to amend the complaint to allege that a

19   right-to-sue letter was indeed received and thus cure the jurisdictional defect. *Jones v. Bechtel*,

20   788 F.2d 571, 573 (9th Cir.1986).

21        Here, contrary to SEIU's assertions, plaintiff *has* received a right-to-sue letter as to

22   SEIU, issued by the EEOC on June 6, 2006 (Opp. Exh. 1).  The problem is that plaintiff added

23   SEIU on April 20, prior to the issuance of the right-to-sue letter.  Given that Ms. Baumgarten is

24   a *pro se* plaintiff, however, she is entitled under Ninth Circuit authority to cure this

25   jurisdictional defect.  Rather than have Ms. Baumgarten file yet another amended complaint

26   simply to allege the existence of this judicially-noticeable document, this order treats the matter

27   as pled.  This order thus finds that subject-matter jurisdiction exists for Ms. Baumgarten's claim

28   against the union under Title VII. *See, e.g., Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir.

**United States District Court**

For the Northern District of California

1   2002).  This ruling moots SEIU's arguments that this matter should be tried before PERB or a

2   California state court, given that these arguments hinge on the purported absence of federal

3   jurisdiction.

4              **2.    FAILURE TO STATE A CLAIM.**

5          A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims

6   alleged in the complaint.  A complaint should not be dismissed "unless it appears beyond doubt

7   that the plaintiff can prove no set of facts in support of his claim which would entitle him to

8   relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

9          Ms. Baumgarten's third amended complaint has articulated a legally cognizable claim

10  against the union for failing to represent her.  "In order to maintain an action for breach of the

11  duty of fair representation, a claimant must establish that the union has acted toward him in an

12  arbitrary, discriminatory, or bad faith manner."  *Carter v. Smith Food King*, 765 F.2d 916,

13  919–20 (9th Cir. 1985).  "The duty of fair representation is thus akin to the duty owed by other

14  fiduciaries to their beneficiaries."  *Simo v. Union of Needletrades, Indus. & Textile Employees*,

15  322 F.3d 602, 611 (9th Cir. 2003) (internal citation omitted).

16         Ms. Baumgarten alleged that the union's failure to pursue her claims against the Board

17  were arbitrary, in bad faith and/or on account of her being Filipino.  At this stage in the

18  litigation, these allegations are sufficient to survive dismissal.  *See, e.g.*, *Ortez v. Washington*

19  *County, State of Oregon*, 88 F.3d 804, 808 (9th Cir. 1996); *Jennings v. Am. Postal Workers*

20  *Union*, 672 F.2d 712, 716 (8th Cir. 1982) ("plaintiff's complaint, though somewhat conclusory

21  and far from artful, clearly charges that the union failed to process her grievance because she is

22  black.  That is enough to survive a motion to dismiss for failure to state a claim").

23

24

25

26

27

28

4

**United States District Court**

For the Northern District of California

1

**CONCLUSION**

2       For the foregoing reasons, SEIU's motion to dismiss is **DENIED**. Finding no further

3   argument necessary, hearing on this motion is hereby **VACATED**. No one should appear at the

4   hearing because the hearing has been cancelled.

5

6       **IT IS SO ORDERED.**

7

8   Dated:  June 16, 2006

              WILLIAM ALSUP

9                 UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5